UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WALTER TRENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-371 |
| | ) |
| STATE OF TENNESSEE; HAWKINS | ) |
| COUNTY SHERIFF'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon plaintiff's motion to proceed i*n forma pauperis*, [Doc.3], and "Motion for Return of Seized Property." [Doc. 1]. This Court has carefully reviewed plaintiff's application and affidavit. It is hereby ORDERED that the plaintiff's Motion for Leave to Proceed *in forma pauperis*, [Doc. 3] is GRANTED, and the plaintiff will be permitted to file this action without the prepayment of fees or security therefore. *See* 28 U.S.C. § 1915.

Now, this Court must screen the complaint, which the plaintiff titled "Motion for the Return of Seized Property," [Doc. 1], and *sua sponte* dismiss those claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that § 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed. In performing its screening task, the Court bears in mind that the

1

pleadings of *pro s*e litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court examines the complaint in light of these requirements.

According to the plaintiff's complaint, the Hawkins County Sheriff's Office unlawfully seized his property on April 24, 2013, in connection with a drug investigation. The seized property includes vehicles, a motorcycle, currency, firearms, cell phones, camera, video equipment, jewelry, and other miscellaneous items. Following the search and seizure by Hawkins County, the plaintiff was criminally charged with various drug crimes in Hawkins County and subsequently also charged in this district. [*See* Case Number 2:14-CR-40]. The plaintiff pled guilty to the federal drug charges and was sentenced to a term of imprisonment. [*Id.*]. The state drug charges were dismissed, according to the plaintiff. The plaintiff alleges that he hired an attorney to represent him in the state court forfeiture matter and that his attorney entered into settlement agreements regarding some of the property without his consent. The plaintiff further alleges that his attorney failed to adequately represent him and failed to argue that the search and seizure were unlawful. The only relief requested by the plaintiff here is the return of the seized property from Hawkins County.

The plaintiff attached copies of the settlement agreements signed on his behalf by his attorney forfeiting the property to the Tennessee Department of Safety and Homeland Security ("TDSHS"). [Doc. 1-1]. Also attached to the plaintiff's motion are Tennessee Notices of Property Seizure, clearly indicating that the seizing agency is Hawkins County Sheriff's Office and the seizing agent is Detective Jeff Hilton, a state police officer. [Doc. 1-2]. The plaintiff submitted the signed forfeiture warrants, which were submitted by Detective Jeff Hilton and

signed by a Tennessee state court judge. [Doc. 1-3]. The "Factual Summary of Walter Trent Seizures" that was attached to at least one of the TDSHS Notices of Property Seizure explicitly states that "officers of the Hawkins County Sheriff's Office executed a search warrant" and seized the property at issue. [Doc. 1-5]. This document was signed by Detective Jeff Hilton and the same state court judge who signed the forfeiture warrants. [*Id.*].

The plaintiff's sole basis for bringing this claim is under Rule 41(g) of the Federal Rules of Criminal Procedure. Rule 41(g) states that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) allows for the return of property in the possession of the federal government. *See United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004). The Sixth Circuit held it was not an abuse of discretion to dismiss a plaintiff's Rule 41(g) motion for return of seized property where there was no evidence in the record to show the property was ever in the possession of the federal government, even though the defendant was convicted in federal court. *Id.* In *Obi*, the property was seized by state police officers and the search was conducted by state police officers pursuant to a search warrant issued by a state court. *Id.* Furthermore, the forfeiture notice clearly indicated that any claim for the return of property needed to be made with the state police agency. *Id.* "[T]he record reflects that the federal government did not actually possess Obi's vehicle or the cash seized during the execution of the search warrant." *Id.*

The plaintiff does not allege that the property is or was ever in the possession of the federal government or that the federal government had any involvement in the seizure process. In fact, the plaintiff adamantly argues the exact opposite. The plaintiff's motion states multiple times that the warrant was written by a member of the state police agency, signed by a state court judge, and executed by the Hawkins County Sheriff's Office. He further argues that the property

3

is in the possession of the Hawkins County Sheriff's Office.  The plaintiff does not allege that the federal government had any involvement in the seizure or that the state agency was acting under the direction of the federal government.  Furthermore, the Notices of Seizure clearly indicate that any claim for the return of the property should be made to TDSHS, which the plaintiff acknowledges in his complaint and in his actions by hiring an attorney to represent him in that state forfeiture proceeding.  Rule 41(g) provides no basis for the Court to grant his motion for the return of property seized and held by the Hawkins County Sheriff's Office.  Because the plaintiff's complaint fails to state a claim for which relief may be granted by this Court, the plaintiff's action is DISMISSED with prejudice.

So ordered.

ENTER:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE